IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JONATHAN A. ANDERSON,                                                                 PLAINTIFF

V.                                                                 NO. 4:06CV175-M-D

MISSISSIPPI STATE PENITENTIARY,                                       DEFENDANT

**OPINION DISMISSING CLAIMS**

This matter is before the court, *sua sponte*, for consideration of dismissal. Plaintiff, an inmate currently incarcerated at the Mississippi State Penitentiary, files this *pro se* complaint pursuant to 42 U.S.C. § 1983. He states that on February 23, 1999, he received a Rule Violation Report (RVR), for assaulting another inmate. In 2004, after some period of release, Plaintiff reentered the penal system and was classified based, in part, upon this RVR. Over seven years later, Plaintiff is seeking to have the RVR expunged from his record and reclassification.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

Federal courts do not "second-guess" the findings and determinations of prison disciplinary committees. The Constitution does not demand "error-free decision making ...." *Collins v. King*, 743 F.2d 248, 253-54 (5th Cir. 1984) (quoting *McCrae v. Hankins*, 720 F.2d 863, 868 (5th Cir. 1983)). This is particular relevant here where the complaint involves an RVR that is over seven years old. *See* Miss. Stat. Ann. § 47-5-807; *Sanders v. Miss. Dept. Of Corrections*, 912 So. 2d 189 (Miss. 2005) (denial of grievance filed three years after the incident resulting in loss of earned time credit was not a redressable injury).

It is clear that whether claims are habeas corpus or civil rights in nature a plaintiff must be deprived of some right secured to him by the Constitution or the laws of the United States. *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984)(citing 28 U.S.C. § 2254(a) (1982); *Baker v. McCollan*, 443 U.S. 137 (1979); and *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983)). In the event there is no constitutional right, the plaintiff's complaint fails. *Irving*, 732 F.2d at 1216 (citing *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983)).

Despite Plaintiff's insistence, the constitution has not been implicated by the facts of this case. *Hewitt v. Helms*, 450 U.S. 460, 468 (1983); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995); *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992). It is clear that inmates have neither a protectable property or liberty interest to any particular housing assignment or custodial classification, either under the United States Constitution or under Mississippi law. *Meachum v. Fano*, 427 U.S. 215, 224 (1976); Miss. Code Ann. §§ 47-5-99 to 103 (1993). The acts complained of by Plaintiff simply do not rise to the level of a constitutional violation. Therefore, Plaintiff's complaint must be dismissed as failing to state a cause of action upon which relief may be granted.

The court's dismissal of Plaintiff's complaint for failure to state a claim shall count as a "strike" under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Mr. Anderson is cautioned that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

A final judgment in accordance with this opinion will be entered.

THIS the 29th day of November, 2006.

        **/s/ Michael P. Mills**
        **UNITED STATES DISTRICT JUDGE**